Chief Justice Shaekev
delivered the opinion of the court.
A fieri facias was levied by the sheriff of Madison county on eight negroes as the property of White, the defendant, in execution. They were claimed by the plaintiffs in error, who gave bond and made up an issue to try the right of property. White *193 had sold the negroes in 1839 to the plaintiffs in error. In 1837 the defendant in error had recovered judgment against White, which was a lien on the negroes. In October, 1837, White gave a forthcoming bond, which was forfeited, and had the force and effect of a judgment. Afterwards the original judgment was taken up to this court by writ of error, and without making any objection on the ground that a forthcoming bond had been given, Couch confessed the errors and the judgment was reversed. After-wards he sued out execution on the forfeited forthcoming bond, which was levied as above stated' on the negroes. The plaintiffs contend that the reversal of the original judgment, vacated necessarily the statutory judgment on the bond, whereby the lien on the property was removed.
On the trial of the issue, two questions were made: first, White was introduced by the defendant in error, and being examined on his voir dire, said he was interested, whereupon the plaintiffs objected to his testifying, but the objection was overruled, because the court supposed his interest to be equally balanced. This question is easily disposed of. We are not informed what his testimony was. For any thing that appears, it may have been cumulative only; or it may have been wholly immaterial; or it ■ may have been in favor of the party who objected to it. His testimony should have been inserted in the bill of exceptions, so that we could have judged of its tendency.
Second. The certificate of the reversal of the original judgment from the clerk of this court under his official seal, directed to the clerk of the circuit court of Madison county, was also offered in evidence by the plaintiffs in error, and objected to by the defendant, which objection was sustained and the certificate ruled out; and in this it is said the court erred. This is true if the evidence is material. By the statute, H. and H’s. Digest, 533, sec. 10, the clerk of this court is required to certify every final judgment or decree to the clerk of the court from which the cause was brought, within twenty days after the adjournment of this court. He is not required to send back the whole record, but only the judgment. His duty was therefore correctly performed, and being an official act required by law, and in due form, was admissible under the general rule, if it was pertinent. It was not introduced *194 to prove a judgment, but to prove the reverse, that there was no judgment. The rule in reference to the introduction of records does not apply to it. It is true that it might have been necessary to identify the judgment which had been reversed, so as to give the certificate a proper application. The means of doing this were in the court below; the record of the case was there, and the identity could have been established by the proceedings in the case. But was it material? It certainly-was, if by the reversal of the original judgment, the statutory judgment on the bond was thereby also reversed. In that case there was no judgment which could operate as a lien on the property, or support the ji.fa. , In the case of Barton v. Petit and Bayard, reported in 7 Branch, 288, it was held that a judgment rendered on motion against the obli-gors in a forthcoming bond, according to the laws of Virginia, would be reversed of course, if the original judgment was reversed ; and yet the court did not go so far as to say that the reversal of the original judgment was ipso facto a reversal of the dependant judgment. There was no error in the judgment on the bond, and yet it was reversed merely on the ground of the reversal of the original judgment. The principle is thus laid down, in 3 Bacon, 116. “ If a man recovers in debt -upon a judgment, if the first judgment is reversed the second shall also.-” A case is there cited in which the court took time to advise, whether by the reversal of the first judgment, the other was not ipso facto void. And another in which it was said, that “ the reversal of the first judgment does not reverse the second, but defeats it so that the plaintiff shall have no fruit thereof.” These authorities bear directly on the case before us.
The statutory judgment on the forthcoming bond, is like a second judgment recovered on a first in effect; and yet it differs in this, that there is no judgment of the. court, but the effect of a judgment is'given by statute. As there is no judgment entered by the court, a writ of error is not necessary, but the bond will be quashed on motion. It differs also from a judgment in Virginia on a forthcoming bond; there a judgment is formally entered on motion: now if the judgment on the bond, or what is the same thing, the bond itself, would be quashed on motion as a matter of course, it may be well questioned whether it can have *195 such a binding effect as to operate as a lien to the prejudice of a purchaser. And if the reversal of a first judgment defeats a second, “ so that the plaintiff shall have no fruit thereof,” certainly the same may be said of this judgment on the bond, and with greater propriety, since no writ of error is required to reverse it, and it is considered as dependant on the first judgment. The reversal of a second judgment seems to be a mere matter of form, as it will be reversed of course, and without any error in it. No good reason is perceived why the plaintiffs in this case should be driven to a motion which is so much a matter of form as to be granted of course; but if it were necessary, the court under the circumstances, might suspend the proceedings until that motion was made. But it is not deemed necessary that such a course should be pursued. This further distinction may be taken between a second judgment recovered on a first, and the judgment on the forthcoming bond. In the first case, the judgment is rendered in a suit regularly instituted; in the second, the judgment arises by mere operation of law on the process of execution ; and must be considered as an adjunct to, or in aid of the first judgment; strictly dependant on the first for its validity and support. Hence it may with great propriety be said, if the first judgment be reversed, the plaintiff shall have no fruit of the second. In this view of the subject, the certificate of reversal offered in evidence' was material. It was evidence that the original judgment had been reversed, a consequence of which was, a defeat of the statutory judgment oir the bond: which being defeated, the lien was destroyed, and the sale by White being undisturbed by a judgment lien, secured to the plaintiffs in error a perfect title.
This view of the case is fortified by an additional reason. The plaintiffs in error were not parties to the judgment against White, and their right to quash the bond by motion, against his will, may well be questioned; and if this could not be done, they might be injured without the means of redress.
We therefore think the certificate which was rejected, should have been admitted as evidence, and that the, judgment for this reason must be reversed, and the cause remanded.